UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE KEION HARDY,

        Petitioner,

      v.

KURT JONES,

        Respondent.

_____/

CASE NO.  2:07-CV-14610
JUDGE MARIANNE O. BATTANI
MAGISTRATE JUDGE PAUL J. KOMIVES

MEMORANDUM ORDER DENYING (1) PETITIONER'S MOTION FOR DISCOVERY
(docket #14); (2) PETITIONER'S MOTION FOR EVIDENTIARY HEARING (docket #15); (3)
PETITIONER'S MOTION TO STAY (docket #16); and (4) PETITIONER'S MOTION FOR
APPOINTMENT OF COUNSEL (docket #22)

      Petitioner Jermaine Keion Hardy filed a petition for the writ of habeas corpus in this Court

on October 29, 2008, challenging his state court convictions for assault with intent to commit

murder, assault with intent to commit armed robbery, and two firearms offenses.  On this date, the

undersigned has filed a Report recommending that the District Judge deny the petition with respect

to each of the claims asserted by petitioner.  Also pending before the Court are: (1) petitioner's

motion for discovery (docket #14); (2) petitioner's motion for evidentiary hearing (docket #15); (3)

petitioner's motion to stay (docket #16); and (4) petitioner's motion for appointment of counsel

(docket #22).  For the reasons that follow, each of these motions will be denied.

      *Discovery and Evidentiary Hearing*

      In his motion for discovery, petitioner seeks discovery of all police reports in his case, the

gunshot residue kit taken by a police evidence technician, and Officer John Moore's preliminary

1

complaint record.  In his motion for an evidentiary hearing, petitioner seeks a hearing to develop facts relating to his claims that counsel was ineffective for failing to move for a mistrial, that newly discovered evidence shows that Detective Wasmund committed perjury in regard to the reason the gunshot residue swabs were not tested, and that counsel was ineffective for failing to obtain a gunshot residue test.  Petitioner is not entitled to discovery or an evidentiary hearing.

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course."  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Rather, a petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery.  Rule 6, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.  In order to establish "good cause" for discovery, petitioner must establish that the requested discovery will develop facts which will enable him to demonstrate that he is entitled to habeas relief.  *See Bracy*, 520 U.S. at 908-09.  The burden is on the petitioner to establish the materiality of the requested discovery.  *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

In addressing whether an evidentiary hearing is appropriate in a habeas corpus case, a court must consider two separate issues: (1) is an evidentiary hearing necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in United States District Courts, 28 U.S.C. foll. § 2254; and (2) whether a hearing is permitted under 28 U.S.C. § 2254(e)(2).  In deciding whether an evidentiary hearing is necessary under  Rule 8, "courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000) (discussing *Cardwell v. Greene*, 152 F.3d 331, 338 (4th Cir. 1998)); *see also*, *Alcorn v. Smith*, 781 F.2d 58, 59-60 (6th Cir. 1986) (applying

pre-AEDPA law); *cf. Townsend v. Sain*, 372 U.S. 293, 312-13 (1963). As the Supreme Court recently explained:

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.
>
> It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing

*Schriro v. Landrigan*, 127 S. Ct. 1933, 1940 (2007) (citations and footnote omitted).[1]

Here, petitioner has not established good cause for discovery nor shown that an evidentiary hearing is necessary, because none of the information sought by petitioner has the potential to advance petitioner's claims. With respect to the witness statements and police reports, petitioner has raised no claims which are based or related to these documents in his initial or amended petition. Thus, the documents would not have the potential to advance any of the claims asserted by petitioner. With respect to petitioner's ineffective assistance of counsel claim based on counsel's failure to move for a mistrial, as explained in the Report filed on this date petitioner was not prejudiced by counsel's failure because there is not a reasonable probability that such a motion would have been granted, and because the court's curative instructions were adequate to ameliorate

---

[1]Under § 2254(e)(2), "[i]f the applicant has failed to develop the factual basis of the a claim in State court proceedings, the court shall not hold an evidentiary hearing on a claim unless" one of two exceptions is met. 28 U.S.C. § 2254(e)(2). In *Michael Williams v. Taylor*, 529 U.S. 420 (2000), the Court explained that Congress' use of the term "'failed to develop' implies some lack of diligence[.]" *Id*. at 430. Thus, "[u]nder the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Id*. at 432. Because an evidentiary hearing is not necessary under Rule 8, the Court need not resolve whether petitioner would be entitled to a hearing under § 2254(e)(2).

3

any prejudice.  Nothing adduced at an evidentiary hearing would have the potential to alter this conclusion with respect to the prejudice prong of the ineffective assistance of counsel inquiry.

With respect to the evidence relating to petitioner's newly discovered evidence, as explained in the Report filed on this date petitioner's claims fail because there is not a reasonable likelihood that Detective Wasmund's alleged perjury regarding the reason why a gunshot residue test was not performed affected the jury's verdict.  Similarly, as also explained in the Report, in light of the testimony of the witnesses and the fact that counsel was able to use the lack of a gunshot residue test to suggest that petitioner did not fire a gun, there is not a reasonable probability that the result of the proceeding would have been different had a gunshot residue test been performed and reported a negative result.  Nothing adduced in an evidentiary hearing or through discovery would alter these conclusions regarding the prejudicial impact of the gunshot residue evidence.  Accordingly, neither discovery nor an evidentiary hearing would have the potential to advance petitioner's habeas claims.

### *Stay*

In his motion to stay proceedings, petitioner seeks a stay of this action until he obtains the police reports from the Detroit Police Department and obtains the discovery and evidentiary hearing he seeks.  Because none of the information sought by petitioner would advance his claims, and because petitioner is not entitled to discovery or an evidentiary hearing, his request for a stay is moot.

### *Appointment of Counsel*

Finally, petitioner seeks appointment of counsel to assist in the presentation of his habeas claims.  There is no constitutional right to counsel in habeas proceedings.  *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).  Appointment of counsel in a habeas proceeding is generally

4

appropriate only if an evidentiary hearing is required or exceptional circumstances deprive the petitioner of the means to adequately investigate, prepare, or present a colorable claim. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). Petitioner has clearly and adequately presented his claims, and no discovery or evidentiary hearing is necessary to adjudicate petitioner's claims. Accordingly, petitioner is not entitled to appointment of counsel.

In view of the foregoing, it is ORDERED that petitioner's motions for discovery, evidentiary hearing, stay, and appointment of counsel are all hereby DENIED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 1/28/09

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record   by electronic means or U.S. Mail on January 28, 2009.

s/Eddrey Butts
Case Manager