UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE K. HARDY, # 267170

            Petitioner,            CASE NUMBER: 07-14610

v.                                    HON. MARIANNE O. BATTANI

KURT JONES,

            Respondent.
_____/

**ORDER DENYING PETITIONER'S APPEAL OF MAGISTRATE JUDGE'S ORDER**

      This matter is before the Court on Petitioner Jermaine K. Hardy's Written Appeal to District Judge to Appeal the Magistrate Judge's Denial of Petitioner's Motion at Dockets #13, #15, and #22. On January 28, 2008, the Magistrate Judge issued a Memorandum Order that denied several of Hardy's motions including his Motion for Discovery, Motion for Evidentiary Hearing, and Motion for Appointment of Counsel.

**I. BACKGROUND**

      Hardy filed a Petition for Writ of Habeas Corpus on October 29, 2007. On August 15, 2008, the Court referred pretrial matters to Magistrate Judge Paul J. Komives. After the Magistrate Judge denied the motions at issue, Hardy timely filed his objection.

**II. STANDARD OF REVIEW**

      A party may object to a magistrate judge's nondispositive discovery orders, and the reviewing court must affirm the magistrate judge's ruling unless the moving party demonstrates the ruling is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A).

**III. ANALYSIS**

      After considering the arguments advanced by Petitioner and the governing case law, the Court finds that the Memorandum Order is neither clearly erroneous nor contrary to law. Hardy requested

discovery of all of the police reports in his case, the gunshot residue kit taken by police technician, and the preliminary complaint record. In his request for an evidentiary hearing, Hardy asserts that he wishes to develop his claim and that "numerous documents " sought in his discovery request may include new revelations or helpful information. He submits that the order entered by the Magistrate Judge would have been different if the Magistrate Judge had been "armed with adequate information." Appeal at 2.

Here, the Magistrate Judge began with the general rule that a habeas petitioner is not entitled to discovery absent good cause shown. Consequently, Hardy's burden is to show that the requested discovery will develop facts enabling him to demonstrate he is entitled to habeas relief. Bracy v. Gramley, 520 U.S. 899, 904 (1997). Magistrate Judge Komives correctly decided that none of the information Petitioner seeks has the potential to advance his claim. This ruling was made in light of the merits of Hardy's petition. Consequently, the denial of discovery and a evidentiary hearing is supported by law. See Schriro v. Landrigan, 127 S. Ct. 1933, 1940 (2007). In light of these findings, there is no basis for appointing counsel. See Lemeshko v Wrona, 325 F. Supp.2d 778, 787 (E.D. Mich. 2004) .

## IV. CONCLUSION

Accordingly, Petitioner's objection is **DENIED.**

**IT IS SO ORDERED.**

                                                  s/Marianne O. Battani  
                                                 MARIANNE O. BATTANI  
                                                 UNITED STATES DISTRICT JUDGE

Dated: February 17, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were mailed to Plaintiff and counsel of record on this date by ordinary mail and electronic filing.

                                                  s/Bernadette M. Thebolt  
                                                 Deputy Clerk