UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JERMAINE K. HARDY,

        Petitioner,               Case Number: 2:07-CV-14610

v.                                   HON. MARIANNE O. BATTANI

KURT JONES,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE
OF APPEALABILITY AND GRANTING PETITIONER'S APPLICATION TO
PROCEED *IN FORMA PAUPERIS* ON APPEAL**

      Petitioner Jermaine K. Hardy filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The magistrate judge issued a Report and Recommendation recommending that the petition be denied. On July 24, 2009, the Court issued an Order Adopting Magistrate Judge's Report and Recommendation Denying Petitioner's Application for Writ of Habeas Corpus. Petitioner has filed a Motion for Certificate of Appealability and an Application to Proceed *In Forma Pauperis* on Appeal.

      Before Petitioner can appeal the Court's decision, the Court must determine whether to issue a Certificate of Appealability (COA) under 28 U.S.C. § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. When a habeas applicant seeks permission to initiate appellate review of the dismissal of a petition, a federal court should limit its examination to a threshold inquiry into the underlying merit of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied

when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner presented eight claims in his habeas corpus petition. He seeks a certificate of appealability for seven of those claims.

In his first habeas claim, Petitioner argued that he was denied a fair trial because the trial court informed the jury that he had previously been convicted of armed robbery. During jury *voir dire*, the trial judge asked the jurors if they could consider petitioner's prior felony conviction solely for purposes of the felon in possession count. In doing so, however, she informed the jury that Petitioner's prior felony conviction was for armed robbery. The Magistrate Judge found that although the trial court inadvertently mentioned to the jury pool that Petitioner's prior felony conviction was for an armed robbery, the trial court took appropriate steps to remedy the error by immediately instructing the jury that information relating to Petitioner's prior felony conviction could be used only as evidence as to the charge pending against him for possession of a firearm by a felon. Moreover, a presumption exists that jurors adhere to the court's instructions to them. The Court, therefore, adopted the Magistrate Judge's recommendation that this claim be denied.

Second, Petitioner argued that the evidence was insufficient to establish his guilt of assault with intent to commit murder beyond a reasonable doubt. Michigan law requires that three elements be proven for a defendant to be found guilty of assault with intent to commit murder: (1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder. MICH. COMP. LAWS ANN. § 750.83. Although Petitioner claims that he fired a gun through a money slot into an office where one of the victims was hiding only to frighten that

victim, the element of intent to kill may be shown both by direct and circumstantial evidence. *Warren v. Smith*, 161 F.3d 358, 360 (6th Cir. 1998) (*citing People v. Hoffman*, 570 N.W.2d 146, 150 (Mich. Ct. App. 1997)). The Magistrate Judge recommended that the Court find that sufficient evidence was presented to establish the elements of assault with intent to murder beyond a reasonable doubt. The Court adopted this recommendation and denied the claim.

Petitioner does not seek a certificate of appealability on his third claim, that he was denied a fair trial when the trial court refused to instruct on attempted armed robbery as a lesser included offense of assault with intent to rob while armed.

Petitioner next argued that he was denied a fair trial when the prosecutor vouched for the credibility of the prosecution witnesses. The Michigan Court of Appeals held, and the Court agrees, that "[t]he prosecutor argued that the witness was worthy of belief based on the evidence and reasonable inferences drawn from the evidence." *People v. Hardy*, No. 242199, 2003 WL 22681390, *7 (Mich. Ct. App. Nov. 13, 2003). The Court, therefore, denied habeas relief on this claim.

Petitioner next claimed that habeas relief was warranted based on newly discovered evidence that Officer Wasmund lied at trial. Petitioner argued that the newly discovered evidence established both that his conviction was obtained through the use of perjury, and that the prosecution suppressed exculpatory evidence. Petitioner asserted that an evidence technician took swabs of his face and hands for possible gunshot residue from the pistol he was alleged to have shot. No such test was actually performed. At trial, Detective Wasmund testified that he had submitted the swabs to the police laboratory, but that the machine used to perform the tests was broken from the time the swabs were submitted until trial  In fact, Wasmund never

submitted the swabs for testing. Petitioner asserts that Wasmund perjured himself and that the prosecution suppressed exculpatory evidence; Petitioner did not testify that the swabs were taken, nor that the test would have been negative for gunshot residue, nor that he requested access to the test results.

Assuming the truth of Petitioner's allegations – including that Detective Wasmund's testimony was the product of a "willful intent to deceive" the trial court – the Court held that Petitioner did not show a reasonable likelihood that the jury's verdict would have been different but for the perjured testimony. Five eyewitnesses testified about Petitioner's involvement, Petitioner suffered wounds from a store clerk's shotgun, and his brother confessed and detailed Petitioner's involvement in the crime. Therefore, the Court denied habeas relief on this claim.

Petitioner alleged three separate instances of ineffective assistance of counsel. Specifically, Petitioner argued that trial counsel was ineffective in failing to move for a mistrial following the court's disclosure to the jury of Petitioner's prior assault conviction and failing to pursue the results of a gunshot residue test, and that appellate counsel was ineffective in failing to raise his claims that newly discovered evidence established that Detective Wasmund's testimony was perjured and that the defense withheld exculpatory evidence. With respect to trial counsel's failure to move for a mistrial, the Court held that Petitioner could not demonstrate that he was prejudiced, or demonstrate that a mistrial would have been granted if sought. The Court also denied Petitioner's claim that trial counsel was ineffective for failing to pursue a gunshot residue test. Even if the test was negative, Petitioner cannot satisfactorily establish that the jury would have credited this evidence over five eyewitnesses, Petitioner's wounds from a store clerk's shotgun, and the confession by Petitioner's brother incriminating himself and Petitioner.

Considering the weight of the evidence against Petitioner, it was reasonable for trial counsel to pursue a general theory of reasonable doubt rather than risk a positive test result, thereby confirming substantial evidence of Petitioner's guilt. The swabs were taken several hours after the robbery, and may well have been meaningless if the residue was washed off. Thus, weighing the potential for exculpatory results against the risk of incriminating test results, counsel was not unreasonable in choosing not to take that risk. Additionally, trial counsel capitalized on the absence of the test in her reasonable doubt defense. *See Bonnell v. Mitchell*, 212 Fed. App'x 517, 522-23 (6th Cir. 2007). Thus, the Court concluded counsel was not ineffective in this regard.

Finally, Petitioner's claim that appellate counsel was ineffective in failing to raise certain claims on appeal was denied. The very claims Petitioner argues that his appellate counsel should have made were determined by this Court to lack merit. Accordingly, the Court denied Petitioner's ineffective assistance of appellate counsel claim.

Petitioner's motion for certificate of appealability and brief in support do not persuade the Court that jurists of reason would find the Court's assessment of the foregoing claims to be debatable or wrong. *See Slack*, 120 S. Ct. at 1604. Therefore, Petitioner has failed to show that he is entitled to a certificate of appealability.

Petitioner has filed a Motion for Leave to Proceed *In Forma Pauperis* on Appeal. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-*

5

*Masching*, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). While the Court has held that jurists of reason would not find the Court's conclusion that the petition was time barred to be debatable or wrong, the Court finds that an appeal may be taken in good faith. The Court, therefore, shall grant the Motion for Leave to Proceed *In Forma Pauperis* On Appeal.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Proceed *In Forma Pauperis* on Appeal is **GRANTED**.

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

Dated: September 18, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record via U.S. Mail and/or electronic filing.

        s/Bernadette M. Thebolt
        Case Manager